## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**MARIA ANDREA LARA,**

      Plaintiff,

                                   CASE NO.

v.

**LOMA LINDA UNIVERSITY**
**MEDICAL CENTER,**

      *Defendant.*

---

### COMPLAINT FOR DAMAGES

Plaintiff, MARIA LARA, through undersigned counsel hereby submits this Complaint against Defendant, LOMA LINDA UNIVERSITY MEDICAL CENTER, and alleges as follows:

### NATURE OF THE ACTION

1.    This is an action brought under Family and Medical Leave Act (FMLA) of 1993, 29 U.S.C. §§ 2612, 2624.

2.    Plaintiff's claims for relief are also predicated upon the subject matter construed pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, as well as the California Fair Employment and Housing Act Gov. Code, § 12940 (FEHA) and the California Family Rights Act Gov. Code, § 12945.2 (CFRA).

3.    The Court has concurrent and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

## PARTIES AND JURISDICTION

4.      At all times relevant to this action Plaintiff, MARIA ANDREA LARA (hereinafter "Plaintiff") is, and at all relevant times mentioned herein, an adult female, residing in the County of San Bernardino, State of California.

5.      Defendant LOMA LINDA UNIVERSITY MEDICAL CENTER (hereinafter "LLUMC") is, and at all relevant times mentioned herein, a California corporation authorized to conduct business in the state of California. LLUMC has  a mailing address which is located in the City of Loma Linda and County of San Bernardino, State of California.

6.      This Court is the proper venue for this action because Defendant is a resident of the County of San Bernardino, state of California, and/or conducting business in said County and State so jurisdiction and venue are appropriate.

## FMLA/ TITLE VII/ ADA/ FEHA STATUTORY PREREQUISITES

7.      Plaintiff is a female "person" who suffered discrimination based on his medical/mental health disability. As such she is a member of a class of individuals protected by the FMLA, Title VII, the ADA and the FEHA.

8.      Plaintiff was qualified for her position of employment.

9.      Plaintiff suffered an adverse effect upon her employment by having her reasonable accommodation requests denied and ultimately being terminated by Defendant with the motivating or determinative factor used by Defendant in the decision making process being Plaintiff's need for accommodation, reasonable request for FMLA leave or related medical condition(s).

10.     Plaintiff suffered from differential application of work or disciplinary rules because Defendant treated Plaintiff differently on the basis of Plaintiff's protected class.

2

11.    The Defendant meets the statutory criteria for coverage as an "employer" under the FMLA, Title VII, the ADA and the FEHA.

12.    Plaintiff meets the statutory criteria for coverage as an "employee" under the FMLA, Title VII, the ADA, and the FEHA.

13.    Plaintiff filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on September 29, 2020 which is within 300 days of the last date of Defendant's alleged discriminatory and retaliatory conduct. Plaintiff was issued a right-to-sue letter by the EEOC dated October 1, 2020. Therefore this complaint is being filed within 90 days of receiving her right to sue letter.

14.    Accordingly Plaintiff has completed all other FMLA, Title VII, the ADA and the FEHA requirements and all other prerequisites prior to bringing this lawsuit.

15.    Plaintiff has satisfied all conditions precedent to bringing this action, if any.

## GENERAL ALLEGATIONS

16.    Plaintiff is a forty-five (45) year old female with a documented medical/mental health disability for which she has requested reasonable accommodations and protected medical leave.

17.    LLUMC, a medical center and a medical university, was Plaintiff's employer.

18.    Plaintiff began working for LLUMC on June 7, 2002 and served as PACS (Picture Archiving & Communication System) Administrator until her unlawful termination on February 20, 2020.

19.    As PACS Administrator, Plaintiff's responsibilities included performing day-to-day operations and maintenance of PACS, coordinating film digitization, administer clinical operations of PACS, maintaining integrity of PACS, security and alert clinical staff and

3

leadership about issues regarding system availability or changes. Plaintiff always met or exceeded her goals.

20.     LLUMC promoted Plaintiff on or around August 25, 2019. Plaintiff continued to meet or exceed her goals. She was an exceptional employee with no discipline.

21.     Even with her exceptional record, Plaintiff was the victim of systemic mistreatment. Throughout her employment Plaintiff was discriminated against for exercising her rights for medical leave under the FMLA and CFRA.

22.     More specifically, Plaintiff has been retaliated against due to the case of Brain Mattison vs. Loma Linda, (Case No. 5-20-CV-02334-JGB-SHK).   Plaintiff was retaliated against specifically for but not limited to her participation as a witness in that matter. The termination was also motivated by disability and need for accommodation. Further, her termination was ordered to avoid a charge of discrimination by Brian Mattison, a younger, male employee.

23.     Plaintiff was terminated on February 20, 2020 for allegedly violating  a time tracking policy. Defendant has a history of selective enforcement of the cited rule with disabled persons. In the termination, Defendant alleges that Plaintiff broke the policy.  More specifically, Plaintiff was fired because she allegedly violated the leave time tracking policy on January 7, 16, and 20, 2020; however, she was terminated a month after the alleged violations and just six days after Mr. Mattison filed his charge of discrimination with the EEOC which notified LLUMC of Plaintiff's status as a potential witness.

24.     Defendant also terminated Plaintiff in part because of her disability/perceived disability and/or retaliated against her for having requested reasonable accommodations relating to her disability.

25.     In or around October 2019, Plaintiff's Supervisor, Brian Gonzalez created a hostile work environment — continually harassing Plaintiff relating to her mental health disability. Mr. Gonzalez verbally counseled Plaintiff about her need for sick days. Plaintiff was receiving mental health counseling due to the hostile work environment that Mr. Gonzalez subjected Plaintiff to.

26.     In an effort to gain relief from the unlawful hostile work environment, in December 2020, Plaintiff reported the hostility to Aimee Gallegos, Mr. Gonzalez's Supervisor. Plaintiff advised Ms. Gallegos that Plaintiff was having to seek counseling due to Mr. Gonzalez's behavior towards her. Plaintiff also informed Ms. Gallegos that she was forced to stop her counseling because Mr. Gonzalez wrote her up. Plaintiff continued her complaints through January 2020, and nothing was done about it.

27.     Mr. Gonzalez and Ms. Gallegos actively interfered with Plaintiff's right to take FMLA leave in order to address her counseling needs caused by Mr. Gonzalez's hostility. She was not offered any Employee Assistance through EAP. Instead, Defendant fired Plaintiff.

28.     Defendant's violations of the laws articulated herein were willful and/or in reckless disregard of the tenets of the same.

29.     Plaintiff has retained the services of the undersigned and owes a fee for attorney service. Defendant should be required to pay that fee and costs related to this action.

## FIRST CAUSE OF ACTION
### *Violation of the Family and Medical Leave Act*

30.     Paragraphs 1 through 29 are re-alleged and are incorporated herein by reference.

31.     This is an action against Defendant for interfering with Plaintiff's protected leave under the FMLA, for harassing Plaintiff and not disclosing to Plaintiff about her entitled right to use FMLA leave time, and for  retaliating against Plaintiff for requesting and/or taking time off

5

that was authorized by and protected under the FMLA. This is an interference and retaliation claim.

32.     After Plaintiff requested leave for her medical/mental healthcondition, Defendants harassed Plaintiff and took adverse personnel actions against her for using leave.

33.     Defendants failed to inform Plaintiff of her rights and benefits conferred by the FMLA and she was retaliated against after requesting and/or taking protected leave.

34.     Defendant's violations of the FMLA were willful.

35.     As a direct and proximate result of Defendant's willful, wanton, and malicious acts described in part above, Plaintiff has sustained mental, nervous, and emotional injury. Plaintiff has incurred additional damages including lost wages, pain and suffering, mental anguish, loss of capacity for the enjoyment of life, and other damages attendant with retaliation of Defendants. These damages have occurred in the past, are occurring at present and will continue in the future.

36.     Plaintiff is entitled to liquidated damages and injunctive relief including reinstatement to her former position within Defendant with the requisite training.

37.     Plaintiff has retained the services of the undersigned and owes a fee for attorney service. Defendant should be required to pay that fee and costs related to this action.

## SECOND CAUSE OF ACTION
### *Violation of the California Family Rights Act*

38.     Paragraphs 1 through 29 are re-alleged and are incorporated herein by reference.

39.     This is an action against Defendant for interfering with Plaintiff's protected leave under the CFRA and retaliating against Plaintiff for engaging in the protected activity relating to exercising her rights under the CFRA.

40.     The CFRA, prohibits an employer from interfering with, restraining, or denying the exercise of or the attempt to exercise any right provided under the CFRA. Defendant continually harassed Plaintiff and subjected her to hostility relating to her required protected medical leave.

41.     Plaintiff was denied rights and benefits conferred by the CFRA and she was retaliated against after requesting and/or taking protected leave. Defendant's violations of the CFRA were willful.

42.     As a direct and proximate result of Defendant's willful, wanton, and malicious acts described in part above, Plaintiff has sustained mental, nervous, and emotional injury. Plaintiff has incurred additional damages including lost wages, pain and suffering, mental anguish, loss of capacity for the enjoyment of life, and other damages attendant with retaliation of Defendants. These damages have occurred in the past, are occurring at present and will continue in the future. Plaintiff is entitled to liquidated damages and injunctive relief including reinstatement to her former position within Defendant with the requisite training.

## THIRD CAUSE OF ACTION
### *Disability / Perceived Disability Discrimination under ADAAA*

43.    Paragraphs 1 through 29 are re-alleged and are incorporated herein by reference.

44.    Plaintiff was a qualified individual with a disability recognized under the ADAAA.

45.    Plaintiff was disabled/perceived as disabled by Defendant.

46.    Defendant was Plaintiff's employer as defined by the ADAAA.

47.    Defendant discriminated against Plaintiff because of her actual or perceived disability in violation of the ADAAA.

48.    Defendant discriminated against Plaintiff because she exercised her rights under the ADAAA by notifying Defendant of her need for a work accommodation related to her disability.

49.    Defendant had actual or constructive knowledge of the discriminatory conduct.

50.    Defendant's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

51.    Defendant's conduct violated Plaintiff's right to be free from discrimination as guaranteed by the ADAAA.

52.    Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendants, which have caused and continue to cause irreparable harm.

53.    Defendant's violations of the ADAAA were willful or in reckless disregard of the tenets of the same.

54.    Plaintiff is entitled to recover her attorneys' fees and costs pursuant to the ADAAA.

55.    Plaintiff's medical conditions fall within the confines of the ADAAA's coverage of ailments. Plaintiff requested reasonable accommodations to continue counseling without repercussions, such as harassment for doing so. This reasonable accommodation was necessary as

8

the continued harassment and acts of discrimination by Defendant severely affected Plaintiff's mental and emotional health.

## FOURTH CAUSE OF ACTION
### *Discrimination – California Fair Employment and Housing Act (FEHA)*

56.    Paragraphs 1 through 29 are re-alleged and are incorporated herein by reference.

57.    This is an action against Defendant for disability discrimination brought under California Fair Employment and Housing Act Gov. Code, § 12940 (FEHA) as it relates to Plaintiff's medical/mental health condition. Plaintiff has been the victim of discrimination on the basis of her disability or perceived disability and/or because she is comparator in another disability suit. During the course of Plaintiff's employment with Defendant, she was treated differently than similarly situated nondisabled/perceived-as-disabled employees.

58.    Defendant is liable for the differential treatment and/or its refusal to accommodate Plaintiff, which adversely affected the terms and conditions of Plaintiff's employment with Defendant. Defendant controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

59.    In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were disability/perceived-disability based and in violation of the laws set forth herein.

60.    The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein lead, at least in part, to Plaintiff's termination.

61.     Defendant's conduct and omissions constitute intentional discrimination and unlawful employment practices based upon disability or perceived disability or Plaintiff's record of having an impairment under the Americans with Disabilities Act.

62.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to punitive damages and to injunctive relief.

## FIFTH CAUSE OF ACTION
### *Retaliation under the ADAAA*

63.     Paragraphs 1 through 29 are re-alleged and are incorporated herein by reference.

64.     Defendant is employer as that term is used under the applicable statutes referenced above.

65.     The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff engaged in protected activity under ADAAA, and other statutory provisions cited herein.

66.     The foregoing unlawful actions by Defendant were purposeful.

67.     Plaintiff engaged in protected activity by asking for reasonable accommodation(s) during Plaintiff's employment with Defendant and was the victim of retaliation thereafter, as related in part above.

68.     Plaintiff is a member of a protected class because Plaintiff engaged in protected activity and was the victim of retaliation thereafter. There is thus a causal connection between the requesting of a reasonable accommodation(s) and the adverse employment action taken

thereafter.

69.    Plaintiff was terminated on February 20, 2020 for taking protected actions under the ADAAA. The ADAAA prohibits actions taken in retaliation for protected activity to ensure individuals who engage in protected activity are not punished for doing so. Plaintiff attempted to seek mental health treatment and Defendant retaliated against Plaintiff for engaging in protected activity. Defendant became aware that Plaintiff was a witness in a similar disability case and retaliated against Plaintiff one week later. Defendant's actions were the proximate and actual cause for Plaintiff's injury and when Plaintiff attempted to seek treatment, Defendants retaliated and terminated her. Defendant's reasoning for terminating Plaintiff is not consistent with her employment records, as she was never written  up before.

70.    As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages are continuing and are permanent. Plaintiff is entitled to punitive damages and to injunctive relief.

## SIXTH CAUSE OF ACTION
### Retaliation – California Fair Employment and Housing Act (FERA)

71.    Paragraphs 1 through 29 are re-alleged and are incorporated herein by reference.

72.    Defendant is employer as that term is used under the applicable statutes referenced above.

73.    The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff engaged in protected activity under California Fair Employment and Housing Act Gov. Code, § 12940 (FEHA), and other statutory provisions cited herein.

11

74.    The foregoing unlawful actions by Defendant were purposeful.

75.    Plaintiff engaged in protected activity by asking for reasonable accommodation(s) during Plaintiff's employment with Defendant and was the victim of retaliation thereafter, as related in part above.

76.    Plaintiff is a member of a protected class because Plaintiff engaged in protected activity and was the victim of retaliation thereafter. Plaintiff is a comparator in a related case because of her disability as well as her gender and  age. There is thus a causal connection between her protected status and the  adverse employment action taken thereafter.

77.    As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages are continuing and are permanent. Plaintiff is entitled to punitive damages and to injunctive relief.

## SEVENTH CAUSE OF ACTION
### *Hostile Work Environment under the ADAAA*

78.    Paragraphs 1 through 29 are re-alleged and are incorporated herein by reference.

79.    Plaintiff is member of protected class due to her disability.

80.    Based on the described conduct above, Plaintiff was subjected to a hostile work environment based upon her disability.

81.    The above described conduct was not welcomed by Plaintiff and was motivated by Plaintiff's disability.

82.    The conduct was so severe and pervasive that a reasonable person would find the

environment to be hostile and unwelcoming.

83.     Plaintiff's wages and benefits were impacted and Plaintiff's standing amongst her co-workers was adversely impacted due to the pervasive and severe conduct by Defendant and its agents.

84.     Defendant knew or should have known of the hostile work environment.

85.     Defendant and its agent, Mr. Gonzalez, knew of the hostility that was created against Plaintiff and continued to create a hostile work environment. Defendant's actions were so severe and/or pervasive that it changed the terms and conditions of her employment. Mr. Gonzalez's acts of hostility included, but are  not limited to disciplining Plaintiff requesting protected leave, denying her reasonable accommodation, giving Plaintiff unfair annual reviews, forcing Plaintiff to stop counseling, and conducting a secret investigation against Plaintiff upon learning of her participation as a witness in a related case.

86.     The above hostile workplace environment was done by Defendant  with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the environment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

## EIGTH CAUSE OF ACTION
### *Hostile Work Environment – California Fair Employment and Housing Act (FERA)*

87.     Paragraphs 1 through 29 are re-alleged and are incorporated herein by reference.

88.     Plaintiff is member of protected class due to her disability.

89.     Based on the described conduct above, Plaintiff was subjected to a hostile work environment based upon her disability.

13

90.     The above described conduct was not welcomed by Plaintiff and was motivated by Plaintiff's disability.

91.     The conduct was so severe and pervasive that a reasonable person would find the environment to be hostile and unwelcoming.

92.     Plaintiff's wages and benefits were impacted and Plaintiff's standing amongst her co-workers was adversely impacted due to the pervasive and severe conduct by Defendant and its agents.

93.     Defendant knew or should have known of the hostile work environment.

94.     The above hostile workplace environment was done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the environment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

**WHEREFORE**, Plaintiff MARIA ANDREA LARA prays for relief as follows:

1.     For compensatory damages, including loss of earnings, deferred compensation, overtime, and other employment benefits, in an amount to be proven at trial;

2.     For interest on the amount of losses incurred for loss of earnings, deferred compensation, and other employee benefits at the prevailing legal rate;

3.     For general damages, including but not limited to, emotional distress, in an amount to be proven at trial;

4.     For Punitive Damages for Defendant's willful and knowing actions;

5.     For attorney's fees costs incurred in bringing this action; and

6.    For such other and further relief as the Court may deem proper.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.


DATED this 29th day of December, 2020

Respectfully submitted,

**MORGAN & MORGAN, P.A.**


By: /s/ Warren D. Astbury
WARREN ASTBURY
CA Bar No.: 311962
THOMAS L. DICKENS, III
(*Pro Hac Vice* admission pending)
633 W. 5th Street
Los Angeles, CA 90071 (313) 739-1952
wastbury@forthepeople.com
tdickens@forthepeople.com